IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

FELICITA TORRES, JOANN STEVENS-TRONSON,
SUE STEVENSON, LISA NORWOOD, LINDA ROHDA,
DEBRA TERRY, SHARON FARRIS, VICKI CLARK,
DIANA RYNDER, BOZENA GRABALA,
BARBARA MARA, NANCY BOND, TERESA NELSON,
CAROLYN STEFFEY, JACKIE KALES, MARIA RAMOS,
BARBARA SWARTLEY, RENEE MOORE,
ANNETTE GILL, DOROTHY VECERE-RILEY,
KAREN NEZ, and JOAN AARONSON,

      Plaintiffs,

vs.                                                        Civ. No. 14-743 KG/RHS

JOHNSON & JOHNSON;
ETHICON, INC; and
ETHICON, LLC,

      Defendants.

MEMORANDUM OPINION AND ORDER STAYING CASE

This matter comes before the Court upon Defendants' Motion to Stay All Proceedings Pending a Decision to Transfer to MDL No. 2327, *In Re Ethicon, Inc., Pelvic Repair System Products Liability Litigation* (Motion to Stay), filed August 22, 2014. (Doc. 28). Plaintiffs filed a response on August 26, 2014, and Defendants filed a reply on September 4, 2014. (Docs. 29 and 31). Having considered the Motion to Stay and the parties' briefs, the Court grants the Motion to Stay.

A. *Background*

This is a medical products liability lawsuit arising from the use of pelvic mesh products. On July 11, 2014, twenty-two Plaintiffs from fourteen states filed this lawsuit in the First Judicial District Court of New Mexico. (Doc. 1-1). On August 20, 2014, Defendants removed the case

to this Court on the basis of federal diversity jurisdiction arguing that the New Jersey Plaintiff was either fraudulently joined or misjoined in order to defeat diversity jurisdiction. (Doc. 1). That same day, Defendants filed a motion to dismiss the claims of 18 of the Plaintiffs for lack of personal jurisdiction. (Doc. 2). On August 21, Plaintiffs filed a motion to remand based on lack of diversity jurisdiction and filed a motion to expedite ruling on the motion to remand. (Docs. 7 and 8). On August 22, 2014, Defendants filed a motion to sever the New Jersey Plaintiff's claims and filed the Motion to Stay. (Docs. 27 and 28).

More than 250 pelvic mesh products liability cases have been filed nationwide. (Doc. 31-2) at 2. On February 7, 2012, the Judicial Panel on Multidistrict Litigation (JPML) entered a Transfer Order centralizing the Multidistrict Litigation (MDL) pelvic mesh products cases in the Southern District of West Virginia. *In Re: American Medical Systems, Inc., Pelvic Repair System Products Liability Litigation*, 844 F.Supp.2d 1359 (J.P.M.L. 2012). One of the centralized MDL cases is MDL No. 2327 (the Ethicon MDL). According to Defendants, they filed a Notice of Tag-Along Action with the JPML in the Ethicon MDL regarding this case, and on August 22, 2014, the JPML issued a Conditional Transfer Order (CTO-143). (Doc. 28) at 2.

B. Discussion

Defendants argue that since this case will "likely be promptly transferred to the Ethicon MDL" the Court should stay all proceedings in this litigation pending an MDL transfer in order to "conserve judicial resources and prevent inconsistent rulings…." (Doc. 28) at 3. Defendants further argue that their request to stay proceedings "will not result in any prejudice to Plaintiffs, as they can present their motion to remand to the Ethicon MDL." *Id.* Defendants rely on the three factors articulated in *Rivers v. Walt Disney Co.* to support a stay of these proceedings pending a transfer to the Ethicon MDL. *See* 980 F.Supp. 1358, 1360 (C.D. Cal. 1997).

2

Plaintiffs contend, on the other hand, that the Court lacks subject matter jurisdiction to rule on the Motion to Stay because there is no diversity of citizenship.  Consequently, Plaintiffs contend that this matter should be remanded.  Plaintiffs further contend that the Court should deny the Motion to Stay under the *Meyers v. Bayer AG* framework for deciding a motion to stay under these circumstances.  *See* 143 F.Supp.2d 1044, 1048-49 (E.D. Wis. 2001).

In transferring cases to the Ethicon MDL, the JPML recognizes that "the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending."  (Doc. 28-1) at 1 n.1.  Nonetheless, the JPML notes that a pending motion for remand in the transferor court does "not present an impediment to transfer, as plaintiffs can present such argument to the transferee judge." *Id.* at 1.  This Court, as well as other district courts, acknowledge that a district court may in its discretion stay proceedings pending an MDL transfer without first ruling on a pending motion to remand.  *See, e.g., Pace v. Merck & Co., Inc.*, 2005 WL 6125457 *1 (D.N.M.) (ruling on motion to stay without ruling first on pending motion to remand); *see also Flores v. Ethicon, Inc.*, LA Civ. 14-3367 JAK, (Doc. 30) at 4 (C.D. Cal. July 2, 2014) ("several district courts in California have granted motions to stay pending the determination whether a matter may be transferred to an MDL, and have not addressed pending motions to remand"); *New Mexico State Investment Council v. Alexander*, 317 B.R. 440, 443 (D.N.M. 2004) ("Often, deference to the MDL court for resolution of a motion to remand provides the opportunity for the uniformity, consistency, and predictability in litigation that underlies the MDL system.").  In fact, the district court's "power to stay 'is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *Pace*, 2005 WL 6125457 at *1 (citation omitted).

The Court further notes that more judges in this district apply the *Rivers* factors in deciding whether to grant a stay pending transfer to an MDL court than apply the *Meyers* approach. *See,e.g.,Avants v. Prospect Mortgage, LLC*, Civ. 13-376 WJ/KBM, (Doc. 34) at 3 (D.N.M. Oct. 9, 2013) (applying *Rivers*); *Martinez v. Merck & Co., Inc.*, Civ. 05-633 JH/WDS, (Doc. 23) at 3-4 (D.N.M. July 14, 2005) (same); *Pace*, 2005 WL 6125457 at *1 (same); *but see Alexander*, 317 B.R. at 443 (applying *Meyers*). This Court will, likewise, analyze the Motion to Stay under *Rivers*. The three *Rivers* factors the Court should consider are: "(1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Pace*, 2005 WL 6125457 at *1 (citing *Rivers*, 980 F.Supp. at 1360).

   *1. Potential Prejudice to Plaintiffs if the Action is Stayed*

Plaintiffs argue that they "will suffer prejudice if the stay is granted because they will be deprived of their right to bring their case in their chosen forum by a frivolous removal." (Doc. 29) at 16. This "potential prejudice," however, exists even if the Court does not grant the Motion to Stay. Moreover, giving credence to such a potential prejudice would defeat the purpose of granting motions to stay prior to deciding motions to remand, i.e., to promote "uniformity, consistency, and predictability in litigation." *See Alexander*, 317 B.R. at 443. This first factor, therefore, favors granting a stay.

   *2. Prejudice to Defendants if the Action is Not Stayed*

Defendants note that CTO-143 lists two other cases raising the same issue of fraudulent joinder of non-diverse plaintiffs as in this case. (Doc. 28) at 4-5. If the Court denies the Motion to Stay, Defendants correctly observe that they will bear the burden of duplicative litigation in

4

different courts on that fraudulent joinder issue. In addition, there is the possibility of conflicting decisions on that issue. More generally, "[i]f a stay is not entered, Defendant[s] will likely be forced to repeat a large amount of discovery and motion practice in each of the separate cases."[1] *See Avants*, Civ. 13-376 WJ/KBM, (Doc. 34) at 4. This second factor also favors granting a stay.

### 3. Judicial Resources that Would be Saved by Avoiding Duplicative Litigation

As noted above, a stay would prevent duplicative and possibly inconsistent rulings on the issue of fraudulent joinder of non-diverse plaintiffs. The Court is also in agreement with other courts, like the district court in *Flores*, which have found that "[j]udicial resources are conserved by staying the action because, if the transfer order is ultimately granted, the Court will have 'needlessly expended its energies familiarizing itself with the intricacies of a case that would be heard by another judge.'" *Flores*, LA Civ. 14-3367 JAK, (Doc. 30) at 6 (citation omitted). This third factor, likewise, favors granting a stay.

IT IS ORDERED that

1. Defendants' Motion to Stay All Proceedings Pending a Decision to Transfer to MDL No. 2327, *In Re Ethicon, Inc., Pelvic Repair System Products Liability Litigation* (Doc. 28) is granted;

2. this case is stayed until the Judicial Panel on Multidistrict Litigation renders a decision on whether to transfer this case to the Ethicon MDL; and

---

[1] Plaintiffs contend that no separate discovery requests are warranted to decide the motion to remand. However, Plaintiffs do not address the possibility that if the Court does not stay the case and denies the motion to remand the parties could very well begin the discovery process in this case while Defendants also conduct discovery in its MDL cases.

3. this case will not be administratively closed until such time as it is transferred to the Ethicon MDL.

_____
UNITED STATES DISTRICT JUDGE