# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

FELICITA TORRES, et al.,

                Plaintiffs,

v.                                CIVIL ACTION NO.  2:14-cv-29741

JOHNSON & JOHNSON, et al.,

                Defendants.

## MEMORANDUM OPINION AND ORDER
### *(Defendants' Motions to Dismiss and Sever, and Plaintiffs' Motions to Remand and Expedite)*

Pending before the court are the defendants' Motion to Dismiss [Docket 2], the defendants' Motion to Sever [Docket 27], the plaintiffs' Motion to Remand to State Court [Docket 7], and the plaintiffs' Motion to Expedite [Docket 8]. For the reasons set forth below, the Motion to Dismiss is **GRANTED** except as to the four New Mexico plaintiffs;[1] the Motion to Sever is **GRANTED in part** and **DENIED in part**; the Motion to Remand to State Court is **DENIED**; and the Motion to Expedite is **DENIED as moot**.

## I.    Introduction

This case resides in one of seven MDLs assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). In the seven MDLs, there are more than 70,000 cases currently pending, approximately 25,000 of which are in the Ethicon, Inc. MDL,

---

[1] The four New Mexico plaintiffs are Felicita Torres, Annette Gill, Dorothy Vecere-Riley, and Karen Nez.

MDL 2327. In this particular case, the plaintiffs were surgically implanted with various mesh products manufactured by Johnson & Johnson and Ethicon, Inc. (collectively, the "defendants"). (*See* Pls.' Complaint for Damages ("Complaint") [Docket 1-1] ¶ 2). The plaintiffs claim that as a result of implantation of these mesh products, they have experienced multiple complications. The plaintiffs allege negligence, gross negligence, design defect, manufacturing defect, failure to warn, and breach of implied warranties. (*Id.* ¶¶ 100–170).

The Complaint, initially filed in New Mexico state court, names twenty-two plaintiffs. Four plaintiffs reside in New Mexico, (*Id.* ¶ 3–23), all of whom were implanted with the defendants' pelvic mesh products in New Mexico. (Pls.' Resp. to Defs.' Mot. to Dismiss [Docket 30], at 7). The remaining plaintiffs are out-of-state residents, (*id.*), including one plaintiff from New Jersey. (*Id.* ¶ 24). It is not clear from the Complaint where the remaining plaintiffs received their implantation surgeries.[2] The Complaint alleges that the defendants are incorporated in New Jersey and that each engages in business in New Mexico. (*Id.* ¶¶ 25–28). The Complaint, however, does not allege that the defendants maintain a regular place of business or a designated agent for service of process in the state. (*Id.*)

The defendants removed this action to the United States District Court for the District of New Mexico on August 20, 2014, asserting that the court "has original subject matter jurisdiction . . . pursuant to 28 U.S.C. § 1332(a) because there is complete diversity among all properly joined and served parties and the amount in controversy exceeds $75,000.00, exclusive of interest and costs." (*See* Notice of Removal [Docket 1], at 2). Subsequently, the defendants moved: (1) to dismiss the claims of the twenty-two out-of-state plaintiffs for lack of personal

---

[2] The plaintiffs do not specify where the out-of-state plaintiffs were implanted with the pelvic mesh products, but argue that the defendants committed "identical torts against the out-of-state women who properly joined with them under New Mexico (and federal) law." (Pls.' Resp. to Defs.' Mot. to Dismiss [Docket 30], at 8).

jurisdiction, (Mot. to Dismiss [Docket 2]); (2) to sever all claims brought by the New Jersey plaintiff, (Mot. to Sever [Docket 27]); and (3) to stay all proceedings in the New Mexico federal court, pending a decision to transfer the case into MDL 2327, (Mot. to Stay [Docket 28]). On August 21, 2014, the plaintiffs moved to remand the case to state court for lack of subject matter jurisdiction. (Mot. for Remand [Docket 7]). On September 16, 2014, the New Mexico federal court stayed the case until the Judicial Panel on Multidistrict Litigation rendered a decision on whether to transfer the case to MDL 2327. Finally, on December 12, 2014, the case was transferred into MDL 2327 before this court. (*See* Transfer Order [Docket 44]). The pending motions are ripe for disposition.

## II.    Order of Consideration

Under 28 U.S.C. § 1407, this court has authority to rule on pretrial motions in MDL cases. Here, there are two intertwined jurisdictional issues presented in the defendants' Motion to Dismiss and the plaintiffs' Motion to Remand to State Court. The defendants argue that the out-of-state plaintiffs' claims should be dismissed because, with regard to those claims, a New Mexico court cannot exercise personal jurisdiction over the defendants. Dismissing those claims, the defendants contend, would create complete diversity between the remaining parties, thereby giving the court subject matter jurisdiction. Accordingly, the defendants urge the court to consider personal jurisdiction first. The plaintiffs, on the other hand, contend that personal jurisdiction exists for all claims and that joinder of the claims is proper, including claims brought by the out-of-state plaintiffs, thus eliminating complete diversity and stripping the court of subject matter jurisdiction. The plaintiffs urge the court to resolve the subject-matter-jurisdiction inquiry prior to addressing personal jurisdiction.

The defendants rely on *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999), for the premise that the court may decide issues of personal jurisdiction before considering whether subject matter jurisdiction exists. Contending the opposite, the plaintiffs rely on *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83 (1998), a case *Ruhrgas* expressly distinguished. 526 U.S. at 583 ("The Fifth Circuit incorrectly read *Steel Co.* to teach that subject-matter jurisdiction must be found to exist, not only before a federal court reaches the merits, but also before personal jurisdiction is addressed." (citation omitted)). In *Ruhrgas*, a unanimous Court stated:

> We hold that in cases removed from state court to federal court, as in cases originating in federal court, there is no unyielding jurisdictional hierarchy. Customarily, a federal court first resolves doubts about its jurisdiction over the subject matter, but there are circumstances in which a district court appropriately accords priority to a personal jurisdiction inquiry.

*Id.* at 578. In reaching the conclusion that it was within the lower court's discretion to address personal jurisdiction first, the Court reasoned: "the impediment to subject-matter jurisdiction on which [plaintiff] relies—lack of complete diversity—rests on statutory interpretation, not constitutional command," *id.* at 584, whereas "[defendant] relies on the constitutional safeguard of due process to stop the court from proceeding to the merits of the case." *Id.* (citation omitted). "Where . . . a district court has before it a straightforward personal jurisdiction issue presenting no complex question of state law, and the alleged defect in subject-matter jurisdiction raises a difficult and novel question, the court does not abuse its discretion by turning directly to personal jurisdiction." *Id.* at 588 (footnote omitted); *see also Lolavar v. de Santibanes*, 430 F.3d 221, 227 (4th Cir. 2005) (same); *Pervasive Software Inc. v. Lexware GmbH & Co.*, 688 F.3d 214, 232 (5th Cir. 2012) (same).

Here, the parties' arguments on subject matter jurisdiction, specifically regarding complete diversity, are grounded in the relatively recent and untested doctrine of procedural or fraudulent[3] misjoinder. "According to the Eleventh Circuit, the federal court should disregard the citizenship of a fraudulently-joined party . . . when the plaintiff joins co-parties—such that complete diversity of citizenship between plaintiffs and defendants does not exist—when a factual nexus among the claims asserted (by or) against those parties is not sufficient to satisfy Federal Civil Rule 20." 14B Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 3723 (4th ed. 2009) (discussing *Tapscott v. MS Dealer Serv. Corp.*, 77 F.3d 1353 (11th Cir. 1996), *abrogated on other grounds by Cohen v. Office Depot, Inc.*, 204 F.3d 1069 (11th Cir. 2000)). Like many of its sister circuits, the United States Court of Appeals for the Fourth Circuit has not expressly adopted the doctrine. Consequently, engaging the parties' arguments on procedural or fraudulent misjoinder, and in turn subject matter jurisdiction, may require passage upon unsettled jurisdictional grounds.

By contrast, the personal jurisdiction inquiry here turns on a relatively simple issue: whether a New Mexico court may exercise jurisdiction over claims against out-of-state corporate defendants based on the defendants' unrelated contacts with the forum.[4] Additionally, as noted below, there is no complex question of state law involved.

Therefore, following *Ruhrgas*, I **FIND** the question of personal jurisdiction here to be straightforward, whereas the issue of subject matter jurisdiction raises difficult and novel questions of federal procedural law. Consequently, I address personal jurisdiction first. As explained more fully below, if personal jurisdiction is proper, I will then advance to the fraudulent misjoinder arguments. If, however, personal jurisdiction is lacking, then the out-of-state plaintiffs' claims

---

[3] Many cases refer to the mechanism as "fraudulent misjoinder," likely because of the influence of the well-established doctrine of "fraudulent joinder" on the former's development.

[4] The plaintiffs do not argue claims brought by out-of-state plaintiffs are based on specific jurisdiction. (*See* Pls.' Resp. to Defs.' Mot. to Dismiss [Docket 30]).

must be dismissed, resulting in complete diversity and giving the court subject matter jurisdiction over the remaining claims: those of the four New Mexico plaintiffs against the New Jersey defendants.

## III.    Personal Jurisdiction

### A.  Legal Standard

This case has been transferred from the District of New Mexico to the Southern District of West Virginia, MDL 2327. Accordingly, I apply the law of the Fourth Circuit to issues of federal procedure. *See In re Temporomandibular Joint (TMJ) Implants Prods. Liab. Litig.*, 97 F.3d 1050, 1055 (8th Cir. 1996) ("When analyzing questions of federal law, the transferee court should apply the law of the circuit in which it is located." (citation omitted)). The Fourth Circuit has consistently stated that "[w]hen a district court considers a question of personal jurisdiction . . . , the plaintiff has the burden of making a prima facie showing in support of its assertion of jurisdiction." *Universal Leather, L.L.C. v. Koro AR, S.A.*, 773 F.3d 553, 558 (4th Cir. 2014) (citing *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 276 (4th Cir. 2009)). "In considering whether the plaintiff has met this burden, the district court 'must construe all relevant pleading allegations in the light most favorable to the plaintiff, assume credibility, and draw the most favorable inferences for the existence of jurisdiction.'" *Id.* (citing *Combs v. Bakker*, 886 F.2d 673, 676 (4th Cir. 1989)).

Because a federal court looks to state law when determining whether it may exercise personal jurisdiction over a litigant, I apply the substantive law of New Mexico to the issue of personal jurisdiction. *See In re Hydroxycut Mktg. & Sales Practices Litig.*, 810 F. Supp. 2d 1100, 1106 (S.D. Cal. 2011) (noting "the MDL court applies the law of the transferor forum to determine personal jurisdiction"); *In re Papst Licensing GMBH & Co. KG Litig.*, 602 F. Supp. 2d 10, 14 (D.D.C. 2009) (same). New Mexico's long-arm "statute extends the jurisdictional reach of New

Mexico courts as far as constitutionally permissible." *Tercero v. Roman Catholic Diocese of Norwich, Conn.*, 48 P.3d 50, 54 (N.M. 2002) (citing *United Nuclear Corp. v. Gen. Atomic Co.*, 570 P.2d 305, 306 (N.M. 1977)). Accordingly, there is no need for further analysis of New Mexico law, and I consider the "limits imposed by federal due process." *Daimler AG v. Bauman*, 134 S. Ct. 746, 753 (2014) (discussing application of California's long-arm statute) (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 464 (1985)).

As mentioned above, the due process question here concerns general jurisdiction. Therefore, I must determine whether the corporate defendants' contacts with New Mexico are so "continuous and systematic" that the defendants may be "fairly regarded as at home" in the state and thus answerable there for any and all claims. *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 131 S. Ct. 2846, 2854 (2011). In a recent case addressing general (or all-purpose) jurisdiction, the Supreme Court reiterated the thrust of *Goodyear* when describing where corporations are typically "at home":

> [T]he place of incorporation and principal place of business are paradig[m] . . . bases for general jurisdiction. Those affiliations have the virtue of being unique—that is, each ordinarily indicates only one place—as well as easily ascertainable. These bases afford plaintiffs recourse to at least one clear and certain forum in which a corporate defendant may be sued on any and all claims.

*Daimler*, 134 S. Ct. at 760 (internal quotation marks and citations omitted). The Court added that "*Goodyear* did not hold that a corporation may be subject to general jurisdiction *only* in a forum where it is incorporated or has its principal place of business," *Daimler*, 134 S. Ct. at 760, acknowledging corporate defendants can be haled into court outside their home jurisdictions based on unrelated contacts under the right circumstances.

Specifically, the Court pointed out: "*Perkins v. Benguet Consol. Mining Co.*[, 342 U.S. 437 (1952),] remains the textbook case of general jurisdiction appropriately exercised over a foreign

corporation that has not consented to suit in the forum." *Daimler*, 134 S. Ct. at 755–56 (internal quotation marks and citation omitted). In *Perkins*, the "president, who was also the general manager and principal stockholder of the company," performed the following activities, among others, in the forum state: paid employee salaries, maintained an office from which he conducted company affairs and kept company files, "used and maintained . . . two active bank accounts carrying substantial balances of company funds," held directors' meetings, and supervised company policy. 342 U.S. at 447–48. Furthermore, "all key business decisions were made in the [forum] State," and "[i]n those circumstances, Ohio was the corporation's principal, if temporary, place of business so that Ohio jurisdiction was proper even over a cause of action unrelated to the activities in the State." *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 780 n.11 (1984) (discussing *Perkins*). With the foregoing principles of general jurisdiction in mind, I turn to the facts at bar.

### B. Discussion

The defendants here are both incorporated in New Jersey, and although they engage in business in New Mexico, the plaintiffs concede that neither maintains a regular place of business or a designated agent for service of process in the state. (*See* Complaint ¶¶ 25–28). Stated differently, New Mexico is not a paradigm forum under *Goodyear* for claims against the New Jersey defendants. The plaintiffs, nonetheless, ask the court to exercise general jurisdiction over the claims of all plaintiffs because the defendants allegedly have "continuous and systematic" contacts with New Mexico. The plaintiffs, however, fail to identify these alleged systematic and continuous contacts and, instead, ask the court for "the opportunity to conduct discovery to determine the true extent of [d]efendants' contacts in New Mexico." (Pls.' Resp. to Defs.' Mot. to Dismiss [Docket 30], at 11).

As discussed above, a court may, in its discretion, permit discovery as to the jurisdictional issue. *See Mylan Labs., Inc. v. Akzo, N.V.*, 2 F.3d 56, 64 (4th Cir. 1993). But neither discovery nor an evidentiary hearing is required to resolve a motion under Rule 12(b)(2). As an alternative, I may address the question of personal jurisdiction as a preliminary matter, ruling solely on the basis of motion papers, supporting legal memoranda, affidavits, and the allegations in the complaint. *Consulting Eng'rs Corp. v. Geometric Ltd.*, 561 F.3d 273, 276 (4th Cir. 2009). Under this circumstance, the plaintiff need only make "a *prima facie* showing of a sufficient jurisdictional basis to survive the jurisdictional challenge." *Id.*

Ruling solely on the basis of the motion papers and the allegations in the Complaint, I find that the facts here, construed in the light most favorable to the plaintiffs, do not support a basis for personal jurisdiction over the defendants. Most importantly, as the plaintiffs concede, neither defendant is incorporated in or maintains its principal place of business in New Mexico. Furthermore, the bald allegation that the defendants conduct substantial business in the forum is unavailing for the purposes of general jurisdiction. As the *Daimler* Court explained, approving "the exercise of general jurisdiction in every State in which a corporation engages in a substantial, continuous, and systematic course of business . . . is unacceptably grasping." 134 U.S. at 761 (internal quotation marks and citation omitted). Indeed, "[n]othing in *International Shoe* and its progeny suggests that a particular quantum of local activity should give a State authority over a far larger quantum of . . . activity having no connection to any in-state activity." *Id.* at 762 n.20 (internal quotation marks and citation omitted). Finally, with regard to specific jurisdiction, the plaintiffs have failed to allege that the purported injuries of the out-of-state plaintiffs occurred in New Mexico.[5]

---

[5] The defendants concede that the court has specific jurisdiction over the claims of the New Mexico plaintiffs. (Defs.' Mot. to Dismiss [Docket 3], at 6). The finding of specific jurisdiction over the claims of the four New Mexico

Accordingly, I **GRANT** the defendants' Motion and **DISMISS without prejudice** all claims brought by the eighteen non-New Mexico, out-of-state plaintiffs in this action, which fail for lack of personal jurisdiction. The remaining plaintiffs are New Mexico residents Felicita Torres, Annette Gill, Dorothy Vecere-Riley, and Karen Nez.

## IV.   Subject Matter Jurisdiction

### A.   Legal Standard

Regarding subject matter jurisdiction, the diversity statute provides: "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between—(1) citizens of different States; . . . ." 28 U.S.C. § 1332(a). Defendants may remove actions initially filed in state court to federal court if they satisfy § 1332 and the removal statute's requirements. *See id.* § 1446. Under appropriate circumstances, such as when the prayer for relief in state court does not specify the amount demanded, "the notice of removal may assert the amount in controversy" for the purposes of demonstrating federal diversity jurisdiction. *Id.* § 1446(c)(2)(A).

### B.   Discussion

Because I have concluded the court lacks personal jurisdiction over the defendants for the out-of-state plaintiffs' claims, including claims brought by the New Jersey plaintiff, I have dismissed them. Accordingly, there is complete diversity between the remaining parties: the four New Mexico plaintiffs and the New Jersey defendants. Per 28 U.S.C. § 1446(c)(2), the defendants

---

plaintiffs, however, does not support a finding of personal jurisdiction over the claims of the out-of-state defendants, whose claims have no nexus to the forum.

Although the Fourth Circuit has yet to specifically address the issue, other courts have made clear that specific jurisdiction requires a claim-specific analysis. *See Gatekeeper Inc. v. Stratech Sys., Ltd.*, 718 F. Supp. 2d 664, 667 (E.D. Va. 2010); *see also Seiferth v. Helicopteros Atuneros, Inc.*, 472 F.3d 266, 274–75 (5th Cir. 2006) (holding that due process requires that specific jurisdiction analysis be claim-specific); *Remick v. Manfredy*, 238 F.3d 248, 255 (3d Cir. 2001) (same); *Phillips Exeter Acad. v. Howard Phillips Fund, Inc.*, 196 F.3d 284, 289 (1st Cir. 1999) (same).

have satisfied the court that the amount-in-controversy requirement is met. (*See* Notice of Removal [Docket 1] ¶¶ 15–19). Subject matter jurisdiction based on the diversity statute exists, and there is no reason to transgress the defendants' right of removal to federal court. Because the court possesses subject matter jurisdiction, the Plaintiffs' Motion to Remand to State Court is **DENIED**.

### C.  Motion to Sever

By separate pre-trial order, the defendants' Motion to Sever is **GRANTED in part** as to the remaining New Mexico plaintiffs, and **DENIED in part** as to the dismissed, non-New Mexico plaintiffs.

### D.  Motion to Expedite

In light of my decision above, the plaintiffs' Motion to Expedite is **DENIED as moot**.

## V.  Conclusion

For the reasons set forth above, the defendants' Motion to Dismiss [Docket 2] is **GRANTED** except as to the New Mexico plaintiffs; the defendants' Motion to Sever [Docket 27] is **GRANTED in part** and **DENIED in part**; the plaintiffs' Motion to Remand to State Court [Docket 7] is **DENIED**; and the plaintiffs' Motion to Expedite [Docket 8] is **DENIED as moot**.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: August 17, 2015

JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE